E-FILED

FEB 1 2 2019

Document # _____

JS 4

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| GEORGE HOWARD BUZZETTI, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | CV 19-677-PSG (AGR) |
| KAMALA HARRIS, et al., | ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS* |
| DEFENDANT(S) | |

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby GRANTED.

_____        _____
Date                           United States Magistrate Judge

**IT IS RECOMMENDED** that the Request to Proceed *In Forma Pauperis* be **DENIED** for the following reason(s):

- ☐ Inadequate showing of indigency
- ☐ Legally and/or factually patently frivolous
- ☒ Other:  See comments.

- ☐ District Court lacks jurisdiction
- ☒ Immunity as to Judge defendants _____

Comments:
Plaintiff sues 27 defendants comprised of judges, prosecutors, defense attorneys, the former and current California Attorney General, Los Angeles County Mental Health personnel, and members of the Los Angeles County Board of Supervisors in connection with his criminal proceedings. Plaintiff alleges constitutional violations of his First, Fourth, Sixth, Eighth, Tenth, Eleventh and Fourteenth Amendments, presumably under 42 U.S.C. § 1983, as well as violations of 18 U.S.C. § 242 and the Federal Rules of Civil Procedure.      (Cont. pg. 2)

February 6, 2019
_____
Date

*Alicia G. Rosenberg*
_____
United States Magistrate Judge

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby:

- ☐ GRANTED
- ☒ DENIED (see comments above).  IT IS FURTHER ORDERED that:
  - ☐ Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.
  - ☒ This case is hereby DISMISSED immediately.
  - ☐ This case is hereby REMANDED to state court.

2/11/19
_____
Date

_____
United States District Judge

CV-73 (08/16)                ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS*

George Howard Buzzetti v. Kamala Harris, et al.
CV 19-677-PSG (AGR)
Pg. 2


(Compl. at 3, 7.)  Plaintiff seeks "release" from the criminal charges and mental health court proceedings, and seeks health care.  (*Id.* at 5.)  Plaintiff requests that this court "hold these criminal[s] to accou[n]t" for their crimes against Plaintiff and that the court "respond properly with the investigations by the DOJ to verify all my complaints."  (*Id.* at 5, 28.)

According to documents attached to the complaint, Plaintiff is a defendant in an ongoing criminal case in Los Angeles County Superior Court, Case No. LAC8CJ07937, for violation of a criminal protective order.[1]  (*Id.* at 43-44, 47, 70.)  Plaintiff appears to have been referred for a mental competency report pursuant to Cal. Penal Code § 1368.  (*Id.* at 41-42, 44, 48 (Case No. ZM045332 in the Los Angeles County Mental Health Court).)  The most recent minutes in the Mental Health court proceeding dated January 8, 2019 indicate that the next hearing is set for February 4, 2019.  (*Id.* at 53.)  The next proceeding (non-appearance) in the criminal proceeding, Case No. LAC8CJ07937, is March 1, 2019 according to the online docket.

There is no private right of action under 18 U.S.C. § 242.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Black v. Young*, 685 Fed. Appx. 514, 515 (9th Cir. 2017) (same).

Plaintiff alleges the criminal charges against him are false and he has no mens rea to commit any crime.  (Compl. at 5.)  To the extent Plaintiff alleges constitutional violations in his prior convictions, Plaintiff's civil rights claims are *Heck* barred.  *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (to state civil rights claim based on prior conviction, "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus").  To the extent Plaintiff alleges constitutional violations in his ongoing criminal proceedings, the court must abstain under the *Younger* doctrine.  *Younger v. Harris*, 401 U.S. 37 (1971); *Gilbertson v. Albright*, 381 F.3d 965, 975 (9th Cir. 2004) (applying *Younger* to complaint for declaratory or equitable relief); *see also Rynearson v. Ferguson*, 903 F.3d 920, 924 (9th Cir. 2018) (analyzing *Younger* abstention at time federal action was filed).  *Younger* abstention is appropriate when state proceedings (1) are ongoing; (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts; (3) implicate an important state interest; and (4) allow litigants to raise federal challenges.  *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018).  Plaintiff's criminal proceedings satisfy the second prong.  *Younger*, 401 U.S. at 49; *see Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (applying *Younger* abstention to state criminal prosecutions).  The first prong is satisfied because Plaintiff's criminal case is ongoing.

---

[1]  In 2016, Plaintiff was found guilty by a jury and sentenced in Los Angeles County Superior Court Case No. 4EA06931.  (Compl. at 35-36.)  A criminal protective order was entered.  (*Id.* at 70.)

<u>George Howard Buzzetti v. Kamala Harris, et al.</u>
CV 19-677-PSG (AGR)
Pg. 3

California has an important interest in the order and integrity of its criminal proceedings under the third prong. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"). As to the fourth prong, Plaintiff has an adequate opportunity to litigate federal claims in state court, both at the trial and appellate levels. *H.C. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). No exception to *Younger* is applicable here. To the extent Plaintiff complains that a state court judge wrongfully referred him for a mental competency evaluation during state criminal proceedings or wrongfully entered other orders, Plaintiff's claim would be barred by judicial immunity. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).

Plaintiff complains he has been "refused any health care" even though he is covered by Medicare and Medi-Cal.[2] (Compl. at 5, 33.) Plaintiff complains about conditions at Silver Lake Medical Center, but that facility is not named as a defendant and, in any event, is a private actor not subject to 42 U.S.C. § 1983. *Caviness v. Horizon Cmty. Learning Ctr.*, 590 F.3d 806, 812 (9th Cir. 2010); *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991); *Much v. Langston*, 2016 U.S. Dist. LEXIS 57527, *9-*12 (C.D. Cal. Apr. 28, 2016) (dismissing § 1983 claim against private physicians based in part on Riese Hearing).[3] The mere fact that a hospital is subject to state regulation is not sufficient to allege action under color of state law. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974). Plaintiff does not allege he was denied health care while in custody during the limitations period. The documents attached to the complaint indicate he was sentenced in 2016 to summary probation for three years and community service, and was previously out on bail posted on November 4, 2014. (Compl. at 35-38, 50.) The documents regarding Plaintiff's current criminal proceedings indicate he is out on his own recognizance. (*Id.* at 41, 43-44.)

Plaintiff's claims that Kamala Harris and others failed to investigate violations of the law by law enforcement alone do not state a claim under § 1983. *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir.1985) ("We can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved.").

Leave to amend would be futile.

---

[2] On the other hand, Plaintiff states that he "will not see any doctor until this nightmare is over." (Compl. at 23.)

[3] A Riese Hearing is a facility hearing to determine if a person has the mental capacity to refuse psychiatric medications. Cal. Welf. & Inst. Code §§ 5332-5334. Any appeal is to the state superior court or court of appeal. *Id.* § 5334(e)-(f).